**Petition for Naturalization of Jesus Martin BLANCO.**

United States District Court
S. D. New York.
July 11, 1956.

Jesus Martin Blanco, pro se.

Morris Rifkin, Naturalization Examiner Dept. of Justice, Immigration and Naturalization Service, New York City, for respondent.

LEVET, District Judge.

The question involved in this application for naturalization is whether the petitioner has established his eligibility under Title 8 U.S.C.A. § 1440a insofar as it relates to the residence or physical presence requirements of that section. The pertinent portion of this section is as follows:

"Notwithstanding the provisions of sections 1421(d) and 1429 of this title, any person, not a citizen, who, after June 24, 1950, and not later than July 1, 1955, has actively served or actively serves, honorably, in the Armed Forces of the United States for a period or periods totalling not less than ninety days and who (1) having been lawfully admitted to the United States for permanent residence, or (2) having been lawfully admitted to the United States, and having been physically present within the United States for a single period of at least one year at the time of entering the Armed Forces, may be naturalized on petition filed not later than December 31, 1955, upon compliance with all the requirements of this chapter, except that * * *."

The petitioner's first arrival in the United States was at Philadelphia, Pennsylvania, on June 6, 1948, as a seaman on the S.S. William Levitt. After an extension of the usual twenty-nine day permit, petitioner departed on August 11, 1948, as a seaman. From that time on, except for the period from September 1949 to September 1950, until petitioner's induction into the Armed Forces of the United States, he was a seaman shipping in and out of the United States. During this time he was in the United States a total of 500 days, the longest period, however, being 200 days, from September 16, 1950 to March 21, 1951, when he worked ashore. Petitioner was inducted into the United States Army on March 6, 1953 and served until February 19, 1955. The petition for naturalization was filed on April 18, 1955, under the provisions of the Act of June 30, 1953, Public Law 86, 83rd Congress.

Petitioner was lawfully admitted to the United States although not for permanent residence. Hence, he must comply with the requirement of Section 1440a, above mentioned, which entails physical presence within the United States for a single period of at least one year at the time of entering the Armed Forces. This requirement petitioner is unable to meet.

Consequently, I hold that the petitioner has not been physically present within the United States for a single period of at least one year prior to his induction into the Armed Forces of the United States and, hence, he does not come within the purview of the above section. Therefore, unfortunately, his admission must be denied.

It is so ordered.